UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
MUHAMMAD ARSHAD,

             Plaintiff,

       - against –

TRANSPORATION SYSTEMS, INC.,
EXECUTIVE TRANSPORTATION GROUP
LTD., LOVE CORPORATE CAR INC.,
LOVE LIMOUSINE NYC, LTD., d/b/a
U.S.A. LIMO INC., BLUE LINE
CORPORATE CAR, JOHN ACIERNO,
JEFFREY ACIERNO, FRED SOLOMON,
and HAIDER "WALLY" HAIDERE,

            Defendants.

------------------------------X

**MEMORANDUM AND ORDER**

15 Civ. 2138 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Defendants Transportation Systems, Inc., Executive Transportation Group Ltd., Love Corporate Car Inc., Love Limousine NYC, LTD., Blue Line Corporate Car, John Acierno, Jeffrey Acierno, Fred Solomon, and Haider "Wally" Haidere have filed a motion for reconsideration of the Court's October 22, 2021 memorandum endorsement of a letter from plaintiff requesting until January 31, 2022 to file post-arbitration briefing. For the following reasons, defendants' motion is granted, the Court's October 22, 2021 memorandum endorsement is vacated, and plaintiff's request to file post-arbitration briefing is denied, *nunc pro tunc*.

    The Court assumes familiarity with the underlying facts of

this case, which were laid out in our previous opinion in which this Court granted defendants' motion to compel arbitration for a determination on the question of arbitrability of the claims in question.  See Arshad v. Transportation Systems, Inc., et al., 183 F. Supp. 3d 442 (S.D.N.Y. 2016).  The parties were engaged in arbitration since April 2016, id. at 449-450, and on July 21, 2021 the arbitrator issued a final arbitration award.  (ECF No. 55-1). On October 12, 2021 plaintiff filed a letter with the Court requesting until January 31, 2022 to submit post-arbitration briefing regarding the arbitrator's decision not to permit plaintiff to submit an application for fees and costs.  (ECF No. 55).  The Court subsequently endorsed plaintiff's letter on October 22, 2021.  (ECF No. 56).  On October 28, 2021, defendants moved for reconsideration of the decision to grant plaintiff's request and directed the Court to 9 U.S.C. § 12, the statute governing motions to vacate final arbitration awards.  (ECF No. 57). Plaintiff and defendants have filed additional letters further explaining their positions, with plaintiff arguing that the October 12 letter should be treated as notice of a motion to vacate.  (ECF Nos. 58, 59).  While the Court was unaware of the requirements of 9 U.S.C. § 12 when it granted plaintiff's initial request, we have conducted our own research and conclude that the

statute provides for a strict deadline that cannot be extended and that plaintiff's October 12 letter does not constitute notice under the statute.

Under the terms of 9 U.S.C. § 12, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."   This three-month deadline is "absolute" and "strictly construed."   Anglim v. Vertical Grp., No. 16 Civ. 3269, 2017 WL 543245, at *7 (S.D.N.Y. Feb. 10, 2017) (internal citation and quotations marks omitted).   "[T]he three-month deadline contained in 9 U.S.C. § 12 is not subject to extension." Barclays Cap. Inc. v. Hache, No. 16 Civ. 315, 2016 WL 3884706, at *2 (S.D.N.Y. July 12, 2016).   Even where a party files a motion to confirm an arbitration award after the three-month deadline has run out, a "defendant's failure to move to vacate the award within the three month time provided precludes him from later seeking that relief when a motion is made to confirm the award." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 174-75 (2d Cir. 1984). While in his November 1 letter plaintiff concedes that the three-month deadline cannot be extended, he instead argues that his October 12 letter served as notice under 9 U.S.C. § 12. (ECF No. 58).   Plaintiff provides no authority to support this argument,

which runs contrary to the manner in which courts apply Section 12
and the overarching goals of the Federal Arbitration Act.

The notice requirement in Section 12 functions by creating
a finite time period in which a party may challenge an arbitration
award.  While Section 12 does not require that a motion be filed
within the three-month time period,[1] courts interpret the
requirement as related to making a motion rather than simply
informing an adverse party of a future intent to challenge an
arbitration award.  See e.g., Hamilton v. Navient Solutions, LLC,
No. 18 Civ. 5432, 2019 WL 633066, at *4 (S.D.N.Y. Feb. 14, 2019)
("The three month period prescribed by 9 U.S.C. § 12 is a statute
of limitations and the failure to bring a timely motion is an
absolute bar to an application seeking vacatur or modification.")
(internal citation and quotation marks omitted); Associated Indus.
Ins. Co. v. Excalibur Reinsurance Corp., No. 13 Civ. 8239, 2014 WL
6792021, at *4 (S.D.N.Y. Nov. 26, 2014) (discussing the service
requirements of 9 U.S.C. § 12 and noting that the "Notice of
Petition" under Section 12 is "a Notice of Motion in federal
parlance"); Hakala v. J.P. Morgan Sec., Inc., 356 F. Supp. 2d 355,
358 n.7 (S.D.N.Y. 2005) ("Section 12, however, requires only that

---

[1] See Hakala v. J.P. Morgan Secs., Inc., 186 F. App'x 131, 133 (2d Cir. 2011)
("[B]y its plain language, § 12 applies to notice, i.e., service, it does not
apply to filing.")

a motion to vacate [be] served upon the adverse party or his attorney within three months after the award is filed or delivered.") (internal citation and quotation marks omitted); see also Integrity Nat'l Corp., Inc. v. DSS Servs., Inc., No. PWG-17-160, 2017 WL 6492718, at *5 (D. Md. Dec. 19, 2017) ("What the statute requires is service of notice of an actual motion, not a theoretical motion that has yet to be filed.")

In fact, under similar circumstances, another court in this Circuit found that the notice requirement was not satisfied where a party requested an extension of the three-month deadline to file a motion to vacate an arbitration award.   Zheng v. Gen. Electric Co., No. 15 Civ. 1232, 2017 WL 11286183 at *4-5 (N.D.N.Y. July 12, 2017).[2] Were we to accept plaintiff's October 12 letter as suitable notice, we would in effect be granting an extension until January 31, 2022, since plaintiff has indicated that he does not plan to move until after the New Year.  Plaintiff's counsel states in the October 12 letter that she is busy working on "trial-level court matters" as well as "an appeal for the Second Circuit that is due in mid-November 2021," and therefore would not "move for reconsideration" until after the winter holidays.  (ECF No. 55).

---

[2] Although the court in Zheng made its decision before the three-month period had elapsed, which allowed the plaintiff to bring a timely motion to vacate, there was no discussion of the request functioning as notice under the statute.

-5-

As stated above, an extension of the three-month deadline is impermissible, and the request runs directly counter to the "twin goals of arbitration, namely settling disputes efficiently and avoiding long and expensive litigation." Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993).

Accordingly, given that the three-month deadline has passed and cannot be extended, plaintiff has lost the opportunity to file notice of a motion to vacate and is barred from amending his October 12 letter. Kruse v. Sands Brothers & Co., Ltd., 226 F. Supp. 2d 484, 487 (S.D.N.Y. 2002) (dismissing a timely filed cross-petition to vacate based on the form of the cross-petition and finding that petitioner could not file a new motion to vacate after the three-month statutory time period had run).

CONCLUSION

For the reasons stated above, defendants' motion for reconsideration is granted, and the Court's October 22, 2021 memorandum endorsement is vacated. The Clerk of Court is respectfully directed to close the open motion at ECF No. 57.

**SO ORDERED.**

Dated:   New York, New York
         November 19, 2021

_____
        NAOMI REICE BUCHWALD
   UNITED STATES DISTRICT JUDGE

-6-