```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
MUHAMMAD ARSHAD,

                Petitioner,                MEMORANDUM AND ORDER

           - against -                     15 Civ. 2138(NRB)

TRANSPORTATION SYSTEMS, INC.;
EXECUTIVE TRANSPORTATION GROUP
LTD.; LOVE LIMOUSINE NYC, LTD,
d/b/a BLUE LINE; JOHN ACIERNO;
JEFFREY ACIERNO; FRED SOLOMON;
and HAIDER "WALLY" HAIDERE,

                Respondents.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This Memorandum and Order addresses Muhammad Arshad's ("petitioner" or "Arshad") petition to confirm an arbitral award of $5,750 plus statutory interest on the sole claim on which he prevailed in the arbitration between the parties. This petition is not opposed by Transportation Systems, Inc.; Executive Transportation Group Ltd.; Love Limousine NYC, Ltd., d/b/a Blue Line Corporate Car and USA Limo Inc.; John Acierno; Jeffrey Acierno; and Fred Solomon (collectively, "respondents").[1]

---

[1] Haider "Wally" Haidere ("Haidere") is represented separately from the other respondents (collectively with Haidere, "defendants"). The arbitrator did not make any award against Haidere and Haidere did not file any submission on this petition.

In the normal course that would resolve the petition to confirm. However, here petitioner has accompanied the petition to confirm with an application for an award of $14,935 in attorney's fees and costs "arising out of litigation in this forum, including preparation of this Petition." Petition to Confirm Arbitration Award ("Petition") at 15, ECF No. 61. Respondents oppose the fee application.

## BACKGROUND

### I. Factual Background and Procedural History

The Court assumes familiarity with the underlying facts of this case, which were detailed in our prior opinion. See <u>Arshad Transp. Sys., Inc.</u>, 183 F. Supp. 3d 442 (S.D.N.Y. 2016) ("Mem. & Order I"). We recite only those facts necessary to resolve the petition.

Respondents operate a black car service through a number of separately incorporated companies. Amended Complaint ("AC") ¶¶ 13, 16, ECF No. 12. On September 15, 2009, petitioner entered into an agreement ("Subscription Agreement") with one of those companies, Love Limousine NYC, Ltd., ("Love Limousine") d/b/a Blue Line Corporate Car ("Blue Line") to purchase a franchise by which petitioner obtained the right to accept dispatches from Blue Line's

dispatch network and drive Blue Line Customers.  AC ¶ 62.  The Subscription Agreement contained an arbitration clause.

On March 20, 2015, petitioner filed a Complaint in this Court and later amended the Complaint on August 18, 2015 ("Amended Complaint").  See ECF Nos. 1, 12.  The Amended Complaint asserted six causes of action related to petitioner's claim that from 2013 to 2014 he was harassed and discriminated against because he is "Asian," a "Sunni," and "originally from Pakistan."  AC ¶¶ 4-6.  He further claimed he was retaliated against when he reported the harassment (collectively, the "Original Claims").[2]  Id. ¶ 165.

Because the Subscription Agreement included an arbitration clause, respondents filed a motion to dismiss the Amended Complaint or compel arbitration on September 21, 2015.  See ECF Nos. 14-15.  The Court found that there was an enforceable arbitration clause and that the issue of arbitrability was to be decided by the arbitrator, observing that if the issue were before the Court, the Court would have found that the claims fell within the agreement to arbitrate.  See Mem. & Order I.

---

[2] The six causes of action were:  (1) hostile work environment under 42 U.S.C. § 1981; (2) retaliation under 42 U.S.C. § 1981; (3) hostile work environment under Title VII, (4) retaliation under Title VII; (5) hostile work environment in violation of the New York City Human Rights Law ("NYCHRL"); and (6) retaliation under NYCHRL.  See AC.

Petitioner then filed his statement of claims with the American Arbitration Association on June 22, 2016, asserting the same Original Claims. See Letter from B. Nash, dated June 24, 2016, ECF No. 26. The arbitrator bifurcated the arbitration, first deciding whether petitioner was considered an employee or an independent contractor. See ECF No. 61-2. During the first phase of arbitration, petitioner amended his statement of claims to add a claim for post-termination retaliation ("Additional Arbitration Claim"). See ECF No. 61-7. This claim alleged that the respondents retaliated against petitioner, because respondents did not offer petitioner a settlement of $5,700 in another pending litigation ("Acar Litigation") that had been offered to other Acar Litigation plaintiffs, unless petitioner also settled the present lawsuit as part of a global settlement of the two disputes. Id. ¶¶ 166-183.

On July 21, 2021, the arbitrator issued her final order ("Final Order"), finding for the respondents on all of the Original Claims. See Final Order, ECF No. 61-9. The sole claim on which the arbitrator found for petitioner was the Additional Arbitration Claim – the claim that was not included in the Amended Complaint filed in this Court. On this claim, the arbitrator awarded petitioner $5,750 with statutory interest, i.e., the settlement

amount that he was denied in the Acar Litigation when he refused to agree to a global settlement. Id. at 12. The Final Order explicitly stated: "No other damages are awarded and other claims, not referenced in this award are dismissed." Id.

Despite the arbitrator's decision, petitioner sought to submit an application for attorney's fees to the arbitrator. See Email from D. Nanau, dated July 21, 2021, ECF No. 66-2. Once again, the arbitrator's rejection of the fee request was abundantly clear:

> In my final AWARD, I stated "No other damages are awarded and other claims, not referenced in this AWARD, are dismissed." I had considered Claimant's request for attorney's fees and costs in her Brief and, in my discretion, determined that I would not award such fees, etc. The above statement, in my AWARD, was dispositive of the matter of attorney's fees.

Email from J. Spencer, dated July 22, 2021, ECF No. 66-3.

Still unsatisfied, petitioner filed a letter on October 12, 2021 with this Court, requesting until January 31, 2022 to submit post-arbitration briefing challenging the arbitrator's decision not to permit petitioner to file a fee application. See ECF No. 55. After the Court initially endorsed petitioner's letter, respondents filed a motion for reconsideration predicated on 9 U.S.C. § 12. See ECF No. 57. That statute operates as a statute of limitations and it requires that a challenge to an arbitral award must be filed within three months of its issuance. Id.

After conducting its own research, on November 19, 2021, the Court granted respondents' motion for reconsideration and denied petitioner's request to submit post-arbitration briefing on the denial of attorney's fees.  We held that the statute creates a strict three-month deadline to vacate, modify, or correct an arbitration award, and that petitioner's October 12, 2021 letter did not constitute notice under the statute.  See Mem. & Order, dated Nov. 19, 2021 ("Mem. & Order II"), ECF No. 60.

Petitioner thus unable to challenge the award, has reversed course and now seeks to affirm it.  As noted earlier, in the petition to affirm, petitioner also included an application for the attorney's fees and costs incurred for the work done in this forum.  See Petition ¶¶ 95-105.  In total, petitioner claims compensation for 32.3 hours at a rate of $450 per hour, for a total of $14,535.  See id. ¶¶ 101, 103.  Specifically, petitioner seeks compensation for the 7.9 hours spent drafting the Original and Amended complaints, for the 22.1 hours spent responding to the motion to compel arbitration, and for the 2.3 hours spent drafting the current petition to confirm.  See Exhibit K to Petition ("Exhibit K"), ECF No. 61-11.  Petitioner also seeks to recover

the $400 filing fee.[3]  Id. ¶ 104.  For the reasons stated below, the application for fees is denied in its entirety.

## DISCUSSION

Petitioner's application for fees for work done in this forum is unsupported by any authority and borders on the legally frivolous.  It is clear, beyond cavil, that petitioner cannot recover any fees for the arbitration itself.  Not only did the arbitrator reject his request twice, but petitioner also forfeited any right to challenge the arbitrator's decision by failing to file a timely motion to vacate.

As for petitioner's litigation in this Court, he seems to forget that after he filed his Amended Complaint, defendants moved to compel arbitration based on a Subscription Agreement between the parties which contained a binding arbitration clause and that defendants' motion was granted.  Thus, petitioner did not succeed at all in this forum.[4]

---

[3] "[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (internal quotation marks and citation omitted).  As such, the Court considers the request for the $400 filing fee as part of the request for attorney's fees.

[4] Ironically, the vast majority of the attorney's fees that petitioner now seeks are related to his unsuccessful efforts to defend against the motion to compel arbitration.  Of the 32.3 hours at issue here, 22.1 of those involved responding to the motion to compel arbitration. Exhibit K, ECF No. 61-11.  These expenses are self-inflicted wounds.  Indeed, defendants might have sought attorney's fees related to the motion to compel arbitration. Sinavsky v. NBCUniversal Media, LLC, No. 20-cv-9175, 2021 WL 4151013, at *6 (S.D.N.Y. Sept. 13, 2021) ("Courts have awarded attorney's fees in 'cases involving unfounded opposition

This Court operates under the American Rule. "In federal practice[,] the general rule — known as the 'American Rule' — is that each party bears its own attorney's fees." McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1312 (2d Cir. 1993). Thus, attorney's fees are only available if agreed to by contract or provided by statute. Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003).[5]

Petitioner nonetheless claims that attorney's fees should be awarded under the New York City Human Rights Law ("NYCHRL"). Petition ¶ 96. The law states "the court, in its discretion, may award the prevailing party reasonable attorney's fees, expert fees, and other costs." N.Y. Admin. Code § 8-502(g) (emphasis added). However, petitioner did not prevail on any NYCHRL claim in this Court, as no such claim was ever ruled on.[6]

---

to petitions to compel arbitration . . . where the party refusing arbitration acted without justification or did not have a reasonable chance to prevail.'" (quoting Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd., No. 10-cv-1853, 2011 WL 1002439, at *3 (S.D.N.Y. Mar. 16, 2011) (internal citations omitted) (alterations in original)).

[5] The same rules apply when the case is before an arbitrator. In arbitration, "[u]nder some circumstances, the prevailing party may recover attorney fees if the parties provide for the remedy of attorney fees in their arbitration agreement or if authorized by statute, or if justified by circumstances in which the losing party acted in bad faith." 2 Domke, Commercial Arbitration § 35.22 (3d ed. 2022).

[6] Even if petitioner had prevailed on a NYCHRL claim, the Court is not required to award attorney's fees under the statute, but simply has discretion to award them. "'[T]he most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." Barfield v. N.Y.C. Health & Hosp. Corp.,

Moreover, the claim on which petitioner "prevailed" in the arbitration was added during the course of the arbitration and was not included in the Complaint or Amended Complaint filed before this Court.  See ECF No. 61-9.  To reiterate, petitioner lost on every motion and claim filed in this Court.

Finally, petitioner is not entitled to the limited attorney's fees related to the present petition to confirm.  Typically, courts award attorney's fees as part of a petition to confirm an arbitral award "when a challenger refuses to abide by an arbitrator's decision without justification".  Int'l Chemical Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985).  Here, however, the respondents have agreed to pay the entire award ordered by the arbitrator.  See Exhibit 4 to Butt Declaration, ECF No. 66-4.  Therefore, there is no basis to award attorney's fees on the petition to confirm arbitration.

## CONCLUSION

Accordingly, for the reasons stated above, the Court rejects petitioner's application for an award of attorney's fees and costs. Further, the Court confirms the unopposed arbitration award in the sum of $5,750 plus statutory interest.  The Clerk of the Court is

---

537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)).

respectfully directed to close the motion pending at ECF No. 61, enter judgment in accordance with this memorandum and order, and close the case.

**SO ORDERED.**

Dated:   New York, New York
         March 27, 2023

                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE